IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN R. STEVENS,                    1:12-cv-02141-BR

      Plaintiff,                 OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

      Defendant.


**TIM D. WILBORN**
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137
(702) 240-0184

      Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**FRANCO L. BECIA**
Assistant Regional Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2114

          Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Shawn R. Stevens seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

    This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

    Plaintiff filed his application for DIB on July 15, 2009. Tr. 35.  The application was denied initially and on

2 - OPINION AND ORDER

reconsideration. An Administrative Law Judge (ALJ) held a hearing on July 14, 2011. Tr. 35. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified at the hearing. Tr. 35.

The ALJ issued a decision on July 22, 2011, in which he found Plaintiff was not entitled to benefits. Tr. 45. That decision became the final decision of the Commissioner on September 24, 2012, when the Appeals Council denied Plaintiff's request for review. Tr. 1.

## BACKGROUND

Plaintiff was born on September 9, 1950, and was 60 years old at the time of the hearing. Tr. 16, 43. Plaintiff completed high school. Tr. 17, 43. Plaintiff has past relevant work experience as a dump-truck driver, excavator operator, and bulldozer operator. Tr. 43, 207. Plaintiff's date last insured was December 31, 2010.

Plaintiff alleges disability since August 16, 2008, due to bilateral carpal-tunnel syndrome, right-eye degeneration and monocular vision, left-eye lattice degeneration, degenerative-disc disease of the lumbar and cervical spine, and neck and back impairments. Tr. 37-38.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the

3 - OPINION AND ORDER

medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 37-45.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

4 - OPINION AND ORDER

(9th Cir. 2009)).  It is more than a mere scintilla of evidence but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

I.  **The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

5 - OPINION AND ORDER

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other

6 - OPINION AND ORDER

words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since August 16, 2008, his

7 - OPINION AND ORDER

alleged onset date, through December 31, 2010, his date last insured.  Tr. 37.

At Step Two the ALJ found Plaintiff has the severe impairments of right-eye degeneration and monocular vision. Tr. 37.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 38.  The ALJ found through Plaintiff's date last insured he had the residual functional capacity to "perform a full range of work at all exertional levels, but was limited to work involving no exposure to hazards; no operation of motor vehicles; and no assembly of small parts (parts smaller than the size of a baseball)."  Tr. 38.

At Step Four the ALJ concluded Plaintiff was unable to perform any of his past relevant work through his last date insured.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy such as janitor, sorter, or hand packager.  Tr. 44.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred (1) at Step Two by failing to find Plaintiff's alleged impairments of carpal-tunnel

8 - OPINION AND ORDER

syndrome, degenerative disc disease, and left-eye lattice degeneration with visual impairments were severe; (2) by improperly rejecting the opinion of treating physician Yujen Wang, M.D.; (3) by improperly discrediting Plaintiff's testimony;(4) by improperly discrediting the lay-witness statement of Plaintiff's sister, Becky Lemler; and (5) by providing an inadequate hypothetical to the VE.

**I.    Step Two**

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 404.1520(a)(4)(iii).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).  *See also Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005).  The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. § 404.1521(a),(b).  Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work

9 - OPINION AND ORDER

setting.  *Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . .  [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).

The ALJ found Plaintiff has the severe impairments of right-eye degeneration and monocular vision.  Tr. 37.  Plaintiff, however, asserts the ALJ erred at Step Two when he did not find Plaintiff's alleged impairments of carpal-tunnel syndrome, degenerative-disc disease, and left-eye lattice degeneration with visual impairments were severe.

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).  Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in failing to identify as severe Plaintiff's alleged impairments of carpal-tunnel syndrome, degnerative-disc disease, and lattice degeneration with

10- OPINION AND ORDER

visual impairments of the left eye is harmless.

**II. Opinion of Dr. Wang, Treating Physician**

Plaintiff contends the ALJ erred when he rejected Dr. Wang's opinion that Plaintiff should avoid strenuous physical activity for some period of time.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).  Generally the more consistent an opinion is with the record as a whole, the more weight an opinion should be given.  20 C.F.R. § 416.927(c)(4).

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining

11- OPINION AND ORDER

physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

Plaintiff contends the ALJ failed to properly credit Dr. Wang's recommendation that Plaintiff should avoid strenuous activity for some period of time.

In October 2008 Dr. Wang diagnosed Plaintiff with rhegmatogenous retinal detachment from recurrent retinal detachment; aphakia of the right eye; and Grade A proliferative vitreal retinopathy of the right eye.  In October 2008 Dr. Wang also performed an operation on Plaintiff's right eye.  Tr. 234.  On August 24, 2009, Plaintiff saw Dr. Wang and complained about new "flashes" in his left eye.  Tr. 411.  Dr. Wang found there was not any evidence of retinal tear or detachment in Plaintiff's left eye, but there was "a patch of high[-]risk lattice with traction" that should to be watched.  Tr. 411.  On September 16, 2009, Plaintiff complained about "some normal floaters but no flashes or distortion."  Tr. 412.  Dr. Wang noted Plaintiff could still perform visual activities.  Tr. 412.  In Dr. Wang's notes from Plaintiff's visits on September 30, 2010; October 9, 2010; October 24, 2010; February 3, 2011; April 14, 2011; May 12, 2011;

and May 15, 2011, Dr. Wang recommended "no stenuous [*sic*] physical activity for 6 weeks." Tr. 422-29.

When assessing Plaintiff's credibility, the ALJ noted although Plaintiff testified that Dr. Wang had instructed Plaintiff "not to do anything," Dr. Wang's records reflect he merely advised Plaintiff in May 2011 to avoid strenuous physical activity for six weeks. Other than this temporary restriction, Dr. Wang's notes do not include an opinion as to Plaintiff's physical capabilities. In any event, the ALJ referred to the May 2011 record as an example of Plaintiff's tendency to exaggerate rather than as a comment on Dr. Wang's opinion.

On this record the Court concludes any error resulting from the ALJ's incomplete recitation of the record with respect to Dr. Wang's recommendation that Plaintiff avoid strenuous physical activity for six weeks is harmless.

### III.  Plaintiff's Testimony

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Plaintiff's testimony as to the limiting effects of his alleged impairments.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to

13- OPINION AND ORDER

produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra,* 481 F.3d at 750 (citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, but he concluded Plaintiff's testimony concerning the intensity, persistence, and limiting effects of his symptoms are not credible "to the extent they are inconsistent with the [RFC]." Tr. 40. Accordingly, the ALJ "considered but granted little probative weight" to Plaintiff's testimony. Tr. 40.

Plaintiff testified he last worked as a tow-truck driver in 2008, but he allegedly stopped working because of his carpal-tunnel syndrome. Tr. 18. When asked what he did during the day,

14- OPINION AND ORDER

Plaintiff responded: "I can't do anything right now." He also stated Dr. Wang had instructed him to do "absolutely nothing." Tr. 19-20. Plaintiff also testified he has problems with his neck, which causes pain to shoot down his arms and gives him severe headaches. Tr. 22. In addition, Plaintiff also testified he is legally blind in his right eye and has torn the retina in his left eye six times. Tr. 23. He stated he gets "floaters" in front of his eyes, has difficulty seeing, and has bad depth perception. Tr. 24. He also stated his eye problems cause him to be unable to read or to watch television. Tr. 26. Plaintiff testified he has had carpal-tunnel syndrome for 25 years, has wrist pain, and cannot grip anything. Tr. 25. Plaintiff stated he can carry up to 25 pounds, but his back "goes out of joint" and he has pain in his hip if he does more than that. Tr. 25.

Although Plaintiff testified he does "nothing" all day, Plaintiff stated in a Function Report that he lives by himself, cares for himself independently, cooks, does dishes, and does laundry, and manages his finances. Tr. 39, 140, 142-43.

The ALJ also noted Plaintiff provided inconsistent information regarding the reason for leaving his last job: Plaintiff stated at the hearing that he quit due to his carpal-tunnel syndrome, but Plaintiff stated in a Disability Report that he had been fired. Tr. 18, 40, 157. The ALJ pointed out that Plaintiff also has exaggerated his symptoms and limitations. For

15- OPINION AND ORDER

example, Plaintiff testified Dr. Wang told him to "do absolutely nothing" when, in fact, Dr. Wang recommended a temporary restriction from strenuous physical activity for six weeks. Tr. 20, 422-29.  The ALJ also noted Derrick J. Sorweide, D.O., examining physician, examined Plaintiff's shoulder, noted it was normal, and concluded Plaintiff was likely embellishing his pain. Tr. 383.

On this record the Court concludes the ALJ did not err when he found Plaintiff's testimony was not entirely credible as to the intensity, persistence, and limiting effects of his alleged impairments because the ALJ provided legally sufficient reasons for doing so.

**IV.  Lay-witness Testimony**

Plaintiff contends the ALJ erred when he failed to consider the written statement of Becky Lemler, his sister.

When determining whether a claimant is disabled, the ALJ must consider lay-witness testimony concerning a claimant's limitations and ability to work.  *Molina*, 674 F.3d at 1114.  If the ALJ wishes to discount the testimony of lay witnesses, he "must give reasons that are germane to each witness."  *Id.* (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th th Cir. 1996)).  *See also Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)(improperly rejected lay-witness testimony is credited as a matter of law).

16- OPINION AND ORDER

Germane reasons for discrediting a witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 Fed. App'x 866 (9th Cir. 2012).

An ALJ's failure to comment on lay-witness testimony is harmless, however, when "the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay-witness's] claims." *Molina*, 674 F.3d at 1121-22 (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011)).

On August 18, 2009, Lemler filled out a Function Report in which she stated Plaintiff can dress himself, cook meals, do dishes, do laundry, babysit his grandchildren, and feed his chickens. Tr. 124-26. Lemler also stated, however, Plaintiff can no longer cut his own hair, do yard work, or read because of his vision problems. Tr. 125-28.

The Court notes Lemler's statement about Plaintiff's limitations is virtually identical to Plaintiff's testimony, which the Court has concluded the ALJ properly discredited. Accordingly, the Court concludes any error caused by the ALJ's failure to comment on Lemler's statements is harmless.

## V.    The ALJ's Hypothetical

Plaintiff contends the ALJ's hypothetical posed to the VE

17- OPINION AND ORDER

was inadequate because it did not contain the alleged limitations related to Plaintiff's impairments of carpal-tunnel syndrome, lumbar and cervical degenerative disc disease, and left-eye impairment.  The Court, however, has concluded the ALJ did not err when he found Plaintiff's testimony was not credible as to his alleged limitations arising from these impairments.  The Court, therefore, concludes the ALJ did not err in his assessment of Plaintiff's RFC and, accordingly, the ALJ's hypothetical to the VE was not inadequate.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 31st day of January, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

18- OPINION AND ORDER